UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREA L. OGLESBY,

     **Plaintiff**,

vs.                             **Case No. 8:03-CV-1674-T-EAJ**

JO ANNE B. BARNHART,
Commissioner of
Social Security,

     **Defendant.**

_____/

**<u>FINAL ORDER</u>**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI").[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. <u>See</u> 42 U.S.C. § 405(g). Substantial

---

[1]   The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge.  (Dkt. 6).

evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).   If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff alleges an onset of disability on December 1, 2000 due to human immunodeficiency virus ("HIV"), chronic lumbar strain/sprain, chronic left knee pain, and fibroid tumors, according to the ALJ's decision.[2]  (T 12) Thirty-six years old at the time of the hearing before the ALJ, Plaintiff has a high school education and has past relevant work as a hotel concierge, a sales

---

[2] As stated hereafter, in the administrative record, as well as at the hearing, Plaintiff also alleged additional impairments. (T 15, 37-41, 67-78)

clerk, and an office clerk.  (T 11-12)[3]  A hearing was held before the ALJ on November 6, 2002.  (T 29-42)

In the March 27, 2003 decision denying benefits, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (T 18)  The ALJ found that Plaintiff had an impairment or combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(c).  (T 18)  However, the ALJ found that Plaintiff's impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P., Appendix 1 (the Listing of Impairments). (Id.)  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light and sedentary work activity.  (Id.)  The ALJ concluded that Plaintiff's impairments did not prevent Plaintiff from performing her past relevant work as a sales clerk and office clerk.  (Id.)  Therefore, the ALJ determined that Plaintiff was not under a disability and was thus not entitled to SSI.  (Id.)

On July 2, 2003, the Appeals Council denied Plaintiff's request for review.  (T 2-4)  Accordingly, the Appeals Council allowed the ALJ's decision to stand.

---

[3]     Plaintiff "filed for SSI payments on three occasions between March 25, 1992 and September 8, 1998 alleging inability to work as early as April 16, 1990 and as late as March 25, 1992. . . On May 7, 1999, Plaintiff filed for SSI alleging disability beginning May 1, 1995."  (T 11)  On January 8, 2001, Plaintiff filed her current application alleging disability beginning December 1, 2000.  (Id.)

Plaintiff contends that the Commissioner erred by (1) failing to fully and adequately develop the record, including a specific finding regarding Plaintiff's "severe" impairments; (2) determining Plaintiff could return to past relevant work; (3) concluding Plaintiff could perform a full range of light work activity; (4) neglecting to utilize either a consultative mental health examiner or vocational expert; and (5) improperly discrediting Plaintiff's testimony.  (Dkt. 24 at 2-14).

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.**   The first issue concerns whether the ALJ failed to fully and adequately develop the record, specifically regarding Plaintiff's "severe" impairments, as Plaintiff states that the ALJ  neglected to explain which of Plaintiff's impairments are severe and which are non-severe.[4]

The ALJ has a duty to develop a full and fair record.  <u>See</u> <u>Graham v. Apfel</u>, 129 F.3d 1420, 1423 (11th Cir. 1997).  The record is sufficiently developed when the medical evidence, including the clinical and laboratory findings, is complete and detailed enough to allow the ALJ to make a determination as to whether the

---

[4]   The ALJ must follow a five step sequential analysis in evaluating a claim of disability.  <u>See</u> 20 C.F.R. §§ 404.1520; 416.920.

4

Plaintiff is disabled. <u>See</u>, <u>e.g.</u>, 20 C.F.R. §§ 404.1512(d); 416.912(d).  The ALJ's review of the evidence must be based on the record as a whole. <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1548 (11th Cir. 1986) (<u>citing</u> <u>Martin v. Heckler</u>, 748 F.2d 1027, 1032 (5th Cir. 1984)).

In the second step of the five step sequential analysis the ALJ must determine whether a claimant has a severe impairment.[5] <u>See</u> 20 C.F.R. § 404.1520(c).

Nowhere in the ALJ's decision is there an explicit finding as to which, if any, of Plaintiff's impairments are severe under the Act.[6]  In fact, the Commissioner concedes this point in her memorandum of law.  (Dkt. 27 at 3-4)  Notwithstanding this, the Commissioner argues that it can be inferred from the ALJ's decision that Plaintiff's HIV impairment was found severe and the remaining impairments alleged were either determined to be non-severe or not impairments at all.

This court declines to make the inferences suggested by the Commissioner, especially as to an issue which is central to the

---

[5]    A severe impairment is considered to be any impairment or combination of impairments which significantly limits a claimant's physical or mental ability to do basic work activities.  <u>See</u> 20 C.F.R. § 404.1520.  Further, it is well settled that an impairment can be found non-severe under the Act "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." <u>Brady v. Heckler</u>, 724 F.2d 914, 920 (11th Cir. 1984).

[6] For example, the ALJ stated that Plaintiff has "an impairment of a combination of impairments considered "severe" based on the requirements in the Regulations...."  (T 18, Finding No. 3)

sequential review process for disability claims and where Plaintiff alleged a multiplicity of impairments.

As Plaintiff points out, she alleged a number of impairments, both mental and physical. At various points in the decision, the ALJ referred to Plaintiff's medical treatment for HIV, tuberculosis, left knee pain and decreased range of motion, as well as symptoms of nasal congestion and sinus infection, fatigue, sore throat, and body aches/chills.[7]   (T 15)   He also noted Plaintiff's testimony that she suffered from diarrhea, throat infections, fatigue, yeast infections, thrush in her throat, and depression.  (T 15)[8]

Notwithstanding these references, the ALJ omitted any specific findings as to the severity of these alleged complaints.  See 42 U.S.C. § 423(d)(2)(B) (step two requires the ALJ to consider the combined effect of all of the claimant's impairments when determining whether a claimant's impairments are sufficiently severe); see Cornelius v. Sullivan, 936 F.2d 1143, 1145-1146 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Gibson v. Heckler, 779 F.2d 619, 621 (11th Cir. 1986)(a case

---

[7] Plaintiff's HIV was diagnosed in January 1999 with a positive blood test.  (T 13)

[8]   At the hearing, Plaintiff claimed she suffered from depression, stating "[I]t just feels like my body is just dying slowly." (T 39, 41)  In addition, on May 4, 2001, John C. Chan, M.D, one of Plaintiff's treating physicians, checked off a "review of systems" indicating that Plaintiff suffered from nervous exhaustion, insomnia, depression, and nervous tension.  (T 136)

must be reversed if the Commissioner does not provide the reviewing court with enough information for the reviewing court to determine that the correct legal principles were applied).

Although the Commissioner refers to various items of evidence in the record to support a finding of non-severity, the Commissioner's status before this court is that of a litigant, not a fact-finder.  It is the Commissioner's duty on remand to make the essential factual findings necessary to affording a full and fair hearing to the claimant which can then be reviewed by this court under the "substantial evidence" test in an action for judicial review.

Accordingly, a remand is required for the Commissioner to specifically identify Plaintiff's severe impairments, both mental and physical, during the applicable period of time.  The Commissioner shall also weigh the combined effects of all impairments, both severe and non-severe, in determining Plaintiff's residual functional capacity and the credibility of her subjective complaints.[9]

**B.**   Plaintiff argues that, as a result of failing to distinguish between Plaintiff's severe and non-severe impairments,

---

[9]   Specifically, the ALJ must "make specific and well-articulated findings as to the effect of the combination of impairments and . . . decide whether the combination of impairments cause the claimant to be disabled." Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (quoting Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)).

the ALJ erred in determining that Plaintiff could return to past work and was capable of performing light work.   Plaintiff further contends that the ALJ erred in failing to utilize either a consultative mental health examiner or a vocational expert, and that the ALJ improperly discredited Plaintiff's testimony (Dkt. 24 at 2).

Plaintiff's concerns about the ALJ's vocational findings and Plaintiff's credibility are dependent on the ALJ's findings concerning severe and non-severe impairments, which this court has remanded for further consideration, supra.   For example, the ALJ observed that despite a HIV diagnosis, "....the claimant has not demonstrated continued bacterial infections, fungal infections, viral infections, malignant neoplasms, hematologic abnormalities, neurological abnormalities or weight loss." (T 16) [10]

Further, Plaintiff's argument that the ALJ should have consulted a mental health examiner will not be addressed at this

---

[10] Certain aspects of the ALJ's credibility analysis bear mentioning, however.   For example, the ALJ found that Plaintiff's HIV had remained relatively stable rather than worsened and cited evidence that Plaintiff did not experience continued infections or weight loss, among other factors.   However, another section of ALJ's decision notes Plaintiff's testimony that she lost 20 pounds in two months due to diarrhea.   (T 15) Regarding the absence of continued infections, some of the medical reports spanning the period 1998 through 2002 refer to symptoms of infection. (See e.g. T 168, 206, 240, 246) This court does not resolve any conflicts in the evidence; that is for the Commissioner on remand but merely notes that the Commissioner will want to review the record in its entirety in reconsidering the issues remaining for determination.

time as the reviewing court is unable to ascertain whether the ALJ regarded Plaintiff's mental impairment as severe or non-severe. Similarly, Plaintiff's other arguments cannot properly be addressed at this juncture because the ALJ failed to develop the record and erred early in the sequential analysis by failing to make specific findings at step two as to any severe impairments and to evaluate together any severe and non-severe impairments.[11]

## Conclusion

While concluding that remand for further fact-finding is necessary due to errors at the administrative level, this court expresses no views as to what the outcome of the proceedings should be.  At the reopened hearing each party should have the opportunity to submit additional evidence.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)   the decision of the Commissioner denying SSI is **REVERSED;** and

this case is **REMANDED** for further administrative proceedings consistent with the foregoing discussion; and

---

[11] The court notes, however, that the decision whether to call a vocational expert arises only when the Commissioner concludes that the claimant is unable to return to her former relevant work. Schnorr v. Bowen, 792 F.2d 129, 131-32 (11th Cir. 1986) (citations omitted).  In that event, testimony from a vocational expert is required only where a claimant has non-exertional limitations which significantly narrow the work he can perform at a given exertional level.  See, e.g., Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989).

(2)   the Clerk of Court shall enter final judgment pursuant to 42 U.S.C. § 405(g) and direct this case be closed as this is a "sentence four remand."   See Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993); Newsome v. Shalala, 8 F.3d 775, 779-780 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida on this 30th day of August 2005.

ELIZABETH A JENKINS
United States Magistrate Judge